MICHAEL J. DUVALL (Bar No. 276994)
michael.duvall@dentons.com
POOJA L. SHAH (Bar No. 330550)
pooja.l.shah@dentons.com
DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5704
Tel: (213) 623-9300
Fax: (213) 623-9924

GRANT J. ANKROM (*pro hac vice*)
Grant.ankrom@dentons.com
MICHAEL E. HARRISS (*pro hac vice*)
michael.harriss@dentons.com
DENTONS US LLP
211 N. Broadway, Suite 3000
St. Louis, MO 63102-2741
Tel: (314) 241-1800
Fax: (314) 259-5959

SARAH E. TREVINO (*pro hac vice*)
sarah.trevino@dentons.com
DENTONS US LLP
303 Peachtree Street, NE, Suite 5300
Atlanta, GA 30308
Tel: (404) 527-4000
Fax: (404) 527-4198

Attorneys for Defendant
TARGET CORPORATION

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALEXANDER PANELLI, individually, and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TARGET CORPORATION,<br><br>Defendant. | Case No. 3:24-cv-02748-SK<br><br>**DEFENDANT'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO TRANSFER VENUE PURSUANT TO SECTION 1404(A), TO DISMISS PURSUANT TO RULES 12(B)(6) AND 9(B), AND TO STRIKE PURSUANT TO RULE 12(F)**<br><br>Date: August 19, 2024<br>Time: 9:30 a.m.<br>Crtrm.: C<br>Judge: Magistrate Judge Sallie Kim |

**TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

Defendant Target Corporation ("Target") respectfully requests that the Court take judicial notice of Exhibits 3 and 4 to the Declaration of Michael J. Duvall ("Duvall Declaration"), listed below, submitted in support of Target's concurrently filed Motion to Transfer Venue Pursuant to Section 1404(a), to Dismiss Pursuant to Rules 12(b)(6) and 9(b), and to Strike Pursuant to Rule 12(f).

**I.   EXHIBITS SUBJECT TO REQUEST FOR JUDICIAL NOTICE**

1. Attached as **Exhibit 3** to the Duvall Declaration is a true and correct copy of the ASTM D3775-17 standard, which was purchased from the ASTM website (at the URL: https://www.astm.org/d3775-17r23.html) on May 30, 2024 as the "active" version of ASTM D3775.

2. Attached as **Exhibit 4** to the Duvall Declaration is a true and correct PDF of the entire webpage that is publicly available at https://www.iso.org/standard/13842.html.

**II.   ARGUMENT IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE**

Under Federal Rule of Evidence 201, "if requested by a party and supplied with the necessary information," a court "shall" take judicial notice of a fact "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b), (d).

Plaintiff references the ASTM D3775 standard extensively in his First Amended Complaint, and it is the methodology alleged used by Plaintiff's "expert" when purportedly testing Plaintiff's sheet set. (ECF 18 ¶ ¶ 8, 9, 11, 18; ECF 18-3). Judicial notice of Exhibit 3, which is a true and correct copy of the most-current version of the ASTM D3775-17 Standard Test Method for End (Warp) and Pick (Filling) Count of Woven Fabrics, is appropriate. *See Nat'l Urb. League v. Ross*, 508 F. Supp. 3d 663, 678 (N.D. Cal. 2020) ("The court may take judicial notice of matters that . . . 'can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.'" (quoting Fed. R. Evid. 201(b))); *Cover v. Windsor Surry Co.*, No. 14-cv-5262-WHO, 2016 WL 520991, at *2 (N.D. Cal. Feb. 10, 2016) (taking judicial notice of ASTM

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

1    standards); *Loomis v. Slendertone Distrib.*, 420 F. Supp. 3d 1046, 1062 (S.D. Cal. 2019) (noting

2    that a court, in evaluating a motion to dismiss, may take judicial notice of "documents whose

3    contents are alleged in a complaint and whose authenticity no party questions, but which are not

4    physically attached to the pleading"). Exhibit 3 also is properly considered under the

5    incorporation-by-reference doctrine. *See United States v. Ritchie,* 342 F.3d 903, 908 (9th Cir.

6    2003) ("Even if a document is not attached to a complaint, it may be incorporated by reference

7    into a complaint if the plaintiff refers extensively to the document or the document forms the basis

8    of the plaintiff's claim."); *Kanfer v. Pharmacare US, Inc.*, 142 F. Supp. 3d 1091, 1099 (S.D. Cal.

9    2015) (invoking the doctrine as support for considering, on a motion to dismiss, "the publications

10   Plaintiff relied on and cited in the complaint").

11       The Court can take judicial notice of Exhibit 4 because it is a "publicly accessible

12   website[] whose accuracy and authenticity [is] not subject to dispute." *In re Facebook, Inc. Sec.*

13   *Litig.*, 477 F. Supp. 3d 980, 1008 (N.D. Cal. 2020) (citing *Daniels-Hall v. Nat'l Educ. Ass'n*, 629

14   F.3d 992, 998-99 (9th Cir. 2010)); *see also Matthews v. Nat'l Football League Mgmt. Counc.*, 688

15   F.3d 1107, 1113 (9th Cir. 2012) (taking judicial notice of website).

16       Accordingly, Target respectfully requests that this Court take judicial notice of Exhibits 3

17   and 4 to the Duvall Declaration.

18

19   Dated: June 24, 2024                            DENTONS US LLP

20

21                                                   By: */s/ Michael J. Duvall*
                                                         Michael J. Duvall
22

23                                                   Attorneys for Defendant
                                                     TARGET CORPORATION
24

25

26

27

28